HARTZ, Circuit Judge,
concurring:
I would deny a certificate of appealability on the ground that Mr. Ochoa has not exhausted his state remedies. I would deny a stay because of his delay in raising the claim of insanity and the unlikelihood of his prevailing on the merits.
Under Oklahoma law a warden to whom a prisoner has been delivered for execution must inform the district attorney of the proper county if “there is good reason to believe” that the prisoner is insane, and the district attorney must then file a petition to initiate a jury trial on the question of sanity. Okla. Stat. Ann. tit. 22, § 1005 (1910).[1] As shown by the decision of the Oklahoma Court of Criminal Appeals (OCCA) in Allen v. Workman, No. MA-2012-307 (Okla. Crim. App., Apr. 10, 2012), the failure of the warden to so inform the district attorney is reviewable by the OCCA through a petition for a writ of mandamus, and the OCCA will independently determine the existence of “good reason to believe.” See id. at 4 (“[W]e find that Allen, in this case, has not shown with the record presented to this Court that there is a reasonable probability that his condition has deteriorated to a level of insanity from the time the jury determined that he was sane.”). I continue to believe that the Oklahoma procedure complies with Ford v. Wainwright, 477 U.S. 399, *710 417, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). See Allen v. Workman, 500 Fed.Appx. 708, 711-12 (10th Cir.2012) (per curiam).
Principles of comity require that a prisoner claiming insanity first pursue relief under Oklahoma’s statutory remedy, and that the federal courts show appropriate deference to the state court’s decision. See 28 U.S.C. § 2254. Mr. Ochoa has not pursued mandamus relief in Oklahoma court. Because he has not exhausted his state remedies, he is not entitled to relief in federal court.
Nor is he entitled to a stay of execution to provide him more time to pursue state relief. Absent exceptional circumstances not present here, the time to initiate the state process (by advising the warden of the possibility of insanity and the intent to promptly present the requisite evidence) must be no later than when a stay of execution has been lifted and the State seeks an execution date. Here, the United States Supreme Court denied Mr. Ochoa’s petition for a writ of certiorari on October 1, 2012. He did not oppose the application to set the execution date; and on October 10, 2012, the OCCA scheduled the execution for December 4. Not until six weeks later, on November 20, 2012, did Mr. Ochoa submit a request to the warden concerning his alleged insanity, and he did not submit his § 2254 application until six days before the scheduled execution date. “A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.” Gomez v. U.S. Dist. Court for N. Dist. of Cal., 503 U.S. 653, 654, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992) (per curiam). This consideration weighs heavily against Mr. Ochoa. Although his claim of insanity may have deserved review if brought in a timely fashion, it is undeniably a weak claim (particularly in light of the district court’s fact findings), certainly not sufficiently likely of success to justify a stay in the circumstances.

. The statute states:
If, after his delivery to the warden for execution, there is good reason to believe that a defendant under judgment of death has become insane, the warden must call such fact to the attention of the district attorney of the county in which the prison is situated, whose duty is to immediately file in the district or superior court of such county a petition stating the conviction and judgment and the fact that the defendant is believed to be insane and asking that the question of his sanity be inquired into. Thereupon, the court must at once cause to be summoned and impaneled from the regular jury list a jury of twelve persons to hear such inquiry.
Okla. Stat. Ann. tit. 22, § 1005.